## PRUDENTIAL MUTUAL AID SOCIETY VS. CROM- LEIGH.

In a suit against a mutual life insurance company judgment may be recovered for the amount specified in the policy ; it is not limited to the amount collected by an assessment.

Error to Common Pleas of Perry County. No. 42 July Term, 1883.

The jury rendered the following special verdict .

The jury find for the plaintiff, but subject to the opinion of the Court as to the legal construction of the contract between the parties. If the Court should be of opinion that the plaintiff is entitled to recover the sum of $1,000, with its legal interest, at all events, according to the face of the policy, then we find for the plaintiff the sum of $1,051.83. But if the Court should be of opinion that the plaintiff is [entitled to recover only the amount that can be raised by assessment levied upon the surviving members of Class 1 in Division "F," then we find for the plaintiff the sum of $10.65.

---

The Court on March 22, 1883, entered judgment in favor of the plaintiff below for $1,051.83, with interest from Jan. 4, 1883, in the following opinion, per

BARNETT, P. J. :

The application of James P. Cromleigh provides as follows :
Benefit $1,000.

"Being desirous of becoming a member of said society, I "agree and subscribe to the following :

1. "To pay into the treasury at the date of this application "the sum of nine dollars, and five dollars annually for the next "three years, and thereafter two dollars annually the remainder "of my life.

2. "To pay into the treasury upon the death of each and "every member of the division or class to which I belong,

"within thirty days after date of the assessment notice of such "death, my *pro rata* mortality assessment.

3. "To keep the secretary informed of my place of residence "and in case of absence to appoint some one to act as my agent, "to pay said dues and at the same time notify the secretary of "the name and post office address of such agent.

4. "To answer fully, truthfully and without mental reser- "vation, the following questions." And then follow some twenty-six questions and the answer thereto; but they are not necessary to be considered as they form no part of the difficulty between the parties.

The policy or certificate of membership sets forth as follows:

"This is to certify that James P. Cromleigh, of Duncannon, "County of Perry, State of Pennsylvania, has paid nine "dollars, the amount required on application, and is therefore "accepted as a member of the Prudential Mutual Aid Society "of America, in Class 1, Division F, subject to the conditions "and requirements of the by-laws, rules and regulations of the "society, and stipulations contained in the application for mem- "bership."

"This membership entitles Laura L. Cromleigh, her heirs "or legal representatives, ninety days after the presentation of "satisfactory proof of the death of said member to one "thousand dollars, payable at the office of the said society, in 'Harrisburg, Pa.

"Provided said member continues to observe and comply "with conditions, requirements and stipulations above referred "to, during his or her lifetime, otherwise the membership "with all moneys paid to the society and all claims against "the same shall be forfeited and this certificate be null and "void.

"The following are the leading conditions, requirements and "stipulations above referred to, and are, therefore, the prin- "cipal points of agreement under which this certificate is "issued and accepted." And then follow nine conditions,

which as they do not enter into the difficulty between the parties, may be briefly stated in substance, as follows:

First. That no misrepresentation or untrue answers are contained in the application.

Second. That the applicant will make the payments as set forth in the application.

Third. That he will pay his *pro rata* mortality assessment as per application.

Fourth. That he will keep the secretary informed of his residence as per application.

Fifth. That he will not form habits or do anything unnecessarily to increase the risk.

Sixth. That the certificate shall become forfeited if assigned without consent.

Seventh. That in case of death before payment of first four annual installments of five dollars each are paid, they shall be retained out of the one thousand dollars.

Eighth. No loss shall be due until ninety days after proof of death.

Ninth. No suit shall be brought after the expiration of three years.

The application and policy contain the terms of the contract of insurance. We need not inquire into the provisions of the charter. Because, although the insured in a mutual company becomes a member of the corporation by the act of insurance, Mitchell vs. Insurance Co., 1 Smith, 402; Diehl vs. Insurance Co., 8 Smith, 443; nevertheless he is not a member till the negotiations are completed, and he is not presumed to know anything of the rules and by-laws, pending the negotiations; May on Insurance, 1st edition, section 552; Columbia Insurance Co. vs. Cooper, 14 Wright, see page 340; the contract is made between the corporation and an individual, just as between any other two separate distinct parties.

But even if we do look into the charter we find there that "the plan or principle upon which the business is to be conducted is that of assessment on surviving members, not a portion of the surviving members, nor the surviving members

of any particular class or division. And the plan or system of membership provides that benefits in Division "A" are to be one hundred dollars. * * * F, one thousand dollars, not so much of said sum as can be raised by an assessment upon a certain portion of surviving members. It seems plain that the contract between James P. Cromleigh and the Prudential Mutual Aid Society of America was that in consideration of certain payments and the compliance with certain requirements on his part, in which it is not alleged any default was made, he was accepted as a member of said corporation. And the latter on its part undertook and agreed that this membership entitles Laura L. Cromleigh, her heirs or legal representatives, ninety days after the presentation of satisfactory proof of the death of said member, to one thousand dollars payable at the office of the said society in Harrisburg.

But even if it were not plain, what is the true construction of the contract? If there were doubt about it, the doubt must be against the company. "Having indemnity for its object, the contract is to be construed liberally to that end, and it is presumably the intention of the insurer that the insured shall understand that in case of loss he is to be protected to the full extent which any fair interpretation will give. "No rule in the interpretation of a policy is more fully established or more imperative and controlling than that which declares that in all cases it must be liberally construed in favor of the insured so as not to defeat without a plain necessity his claim to the indemnity which in making the insurance it was his object to secure." As the language of the conditions is that of the insurers, "and it is therefore in their power to provide for every proper case, it is to be construed most favorably to the insured;" May on Insurance, section 174-176, and authorities there cited; The Western Insurance Co., vs. Cropper et al., 8 Casey, 351; White vs. Smith et al., 9 Casey, 186.

"There are rules of construction," says Blackburn, J., in Foukes vs. Assurance Association, 113 E. C. L. R., 929, "which though they may be cited on both sides, furnish several principles for our guidance; and one of those rules is that in all deeds and instruments the language used by one

party is to be construed in the sense in which it would be reasonably understood by the other. If there is any ambiguous phrase another rule of construction which was also known to the civil law applies, "*Verba chartarum fortius accipientur contra proferentem.*" "And if the party who proffers an instrument uses ambiguous words in the hope that the other side will understand them in a particular sense and that the Court which has to construe the instrument will give them a different sense, the above rules apply, and they ought to be construed in that sense in which a prudent and reasonable man on the other side would understand them."

We are of opinion, therefore, that the proper construction of the contract between the parties is such that in the language of the special verdict, "the plaintiff is entitled to recover the sum of one thousand dollars with its legal interest at all events, according to the face of the policy." We therefore direct judgment to be entered on the verdict in accordance with the first finding of the jury.

---

The Prudential Society then took a writ of error, complaining of the entry of judgment as aforesaid.

*Wm. M. Derr, L. Potter and J. H. Graham, Esqs.*, for plaintiff in error, cited Mitchell vs. Insurance Co., 51 Pa., 402; Irvin vs. Turnpike Co., 2 P. & W., 470; Bank vs. Yerkes, 5 W. N. C., 159.

*Messrs. Junkin & Junkin, contra.*

The Supreme Court affirmed the judgment of the Common Pleas on May 2nd, 1883, in the following opinion,

Per Curiam.:

Under the facts found by the special verdict there is no error in the judgment entered thereon. The right to recover the sum specified in the certificate is clear. Whether that sum can be collected by legal process after judgment is a question not now before us.

Judgment affirmed.